IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A. SUCCESSOR BY MERGER WITH BANK ONE, N.A., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 05 C 2978 |
| EZZAT KHALIL, NADYA KHALIL, STATE OF ILLINOIS, FIRST SELECT, INC. and UNITED STATES OF AMERICA, | ) ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

JP Morgan Chase Bank N.A. ("JP Morgan") brought this mortgage foreclosure action against Ezzat Khalil and joined the government as a defendant to terminate its interest in the mortgaged property. The case is before the Court on the government's Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the Court grants the motion.

### Background

On July 15, 2003, the United States filed an indictment against Ezzat Khalil that included allegations for the criminal forfeiture of property commonly known as 9511 Massasoit Avenue, Oak Lawn, Illinois (the "Property"). (Gov't Mem. Supp. Mot. Dismiss, Ex. B, Indictment at 21-22.) On April 13, 2005, JP Morgan filed a foreclosure complaint in state court alleging that Ezzat Khalil had defaulted on a note that was secured by the Property. (*Id.*, Ex. A, Compl. ¶¶ 1, 3.) JP

Morgan joined the government as a defendant "by virtue of whatever interest it may claim" in the Property pursuant to the indictment. (*Id.* ¶ 6.) The government argues that the case must be dismissed pursuant to 21 U.S.C. § ("section") 853(k)(2), which prohibits third parties from suing the government over the validity of their interest in property subject to forfeiture after the forfeiture indictment has been filed.

## Discussion

As a preliminary matter, we must decide the standard applicable to this motion. The government moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. (*See* Gov't Mem. Supp. Mot. Dismiss at 2.) JP Morgan, however, responds to the government's motion as if it were a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* JP Morgan's Resp. at 3.) After reviewing the statute, the Court concludes that Rule 12(b)(1) is the controlling standard.

Section 853(k) does not explicitly say that jurisdiction over third-party challenges is vested exclusively in the forfeiture court, but that is the only conclusion that can be drawn from its text. The statute not only bars third parties from filing independent suits to contest forfeitures, it directs them to raise such challenges before the forfeiture court: "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property. 21 U.S.C. § 853(n)(2). The statute also sets forth detailed procedures for those proceedings. *See* 21 U.S.C. § 853(n)(3)-(6). Interpreting the statute as allowing any court to determine whether property is properly subject to forfeiture would render the prohibition of

section 853(k) and the challenge process outlined in section 853(n) superfluous, a violation of a basic tenet of statutory construction. *See United States v. Miscellaneous Firearms, Explosives, Destructive Devices & Ammunition*, 376 F.3d 709, 712 (7th Cir. 2004) ("We will not construe a statute in a way that makes words or phrases meaningless, redundant, or superfluous."). Because interpreting section 853 as vesting the forfeiture court with exclusive jurisdiction over third-party challenges is the only way to effectuate all of its provisions, that is the interpretation the Court adopts.

In ruling on a Rule 12(b)(1) motion to dismiss, the Court generally accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam). If, however, "a party properly raises a factual question concerning the [court's] jurisdiction. . . . [t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979) (footnotes omitted).

Section 853(k) provides:

> [N]o party claiming an interest in property subject to forfeiture under this section . . . may commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k)(2). Rather, the statute says, third-party challenges to the forfeiture must be brought in the court where the forfeiture action is pending. 21 U.S.C. § 853(n)(2); *see Roberts v. United States*, 141 F.3d 1468, 1470-71 (11th Cir. 1998) (per curiam) (dissolution of *lis pendens* and protective order is properly sought only in the court in which the criminal forfeiture case is pending). If such actions are filed elsewhere, they must be dismissed. *See Roberts*, 141 F.3d at

1471 (affirming dismissal of third-party challenge to forfeiture brought outside of forfeiture court); *Bank One, N.A. v. Everly*, No. 02 C 4641, 2002 WL 31056716, at *1 (N.D. Ill. Sept. 13, 2002) (dismissing separate foreclosure action for property already alleged to be subject to forfeiture "[b]ased on the plain language of Section 853(k)(2)"); *cf. United States v. De Ortiz*, 910 F.2d 376, 383-84 (7th Cir. 1990) (affirming the dismissal under section 853(k) of a separate declaratory judgment action but remanding the case to the forfeiture court for reconsideration on the merits).

JP Morgan does not quarrel with those propositions but says that section 853(k)(2) applies only to property that is properly subject to forfeiture, and Khalil's property is not. Whether the Property indeed meets the requirements for forfeiture, however, is a determination that is vested solely in the forfeiture court. 21 U.S.C. § 853(a); *see De Ortiz*, 910 F.2d at 383 (rejecting third party's argument that section 853(k) did not apply because money was not subject to forfeiture). JP Morgan may be right; the government may have no protectable interest in the Property. But that is not a determination this Court is empowered to make.

## Conclusion

For the reasons stated above, the United States' motion to dismiss [doc. no. 3] is granted. This case is hereby terminated.

**SO ORDERED.**  ENTERED: 1/9/06

HON. RONALD A. GUZMAN
**United States District Judge**

4